HOFF and another *v.* IRON-CLAD MANUF'G Co.

*(Circuit Court, S. D. New York.* April 27, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—COAL-HODS.

The first claim of letters patent granted June 19, 1883, to Charles Hoff, for "the method of forming the body of a coal-hod, or other similar vessel, which consists, substantially as before set forth, in first forming a cone-shaped body from a suitable blank, then folding in the cone-end of said body in crimps to form the bottom," if not void for want of novelty, having been anticipated by the letters patent of Great Britain, No. 3,578, of November 3, 1873, granted to Haseltine, must be limited to a method consisting among other things in folding in the cone-end of the body to form the bottom of the vessels in a series of annular ribs or rings; and upon this construction of it the defendant does not infringe in forming a part of its coal-hod bottoms by folding in the sides and then closing the space between the ends with a cap; modifying, on rehearing, 27 Fed. Rep. 307.

In Equity. On rehearing. For original opinion see 27 Fed. Rep. 307.

After the original decision, the defendant obtained leave to amend its answer and an order for a rehearing on the ground of newly-discovered evidence, which consisted chiefly of the letters patent of Great Britain, No. 3,578, of November 3, 1873.

*George J. Murray* and *A. v. Briesen,* for complainants.

*Ernest C. Webb* and *Frederic H. Betts,* for defendant.

WALLACE, J. In view of the English patent to Haseltine of November 3, 1873, which has been introduced by the defendant, since it was permitted to amend its answer and have a rehearing of the cause, the first claim of the complainants' patent, if not void for want of novelty, can only be sustained by limiting it to one in which the method consists among other things in folding in the cone-end of the body to form the bottom of the vessel in a series of annular ribs or rings. It is doubtful whether the claim is capable of this interpretation. If it is not, the Haseltine patent anticipates it, because that patent clearly describes the method as applied to cylindrical vessels made of any suitable material. The method is the same whether applied to a cylindrically shaped body or a tapering or cone-shaped body. Without deciding that novelty is negatived, it suffices that upon the narrowed construction which it must receive in order to save it, the defendant does not infringe.

The bill is dismissed, with costs.